**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

**CASE NUMBER: 2:19-cv-00731-JES-MRM**

**MARGARET YOUNG,**

       **Plaintiff,**

**vs.**

**HARTFORD INSURANCE COMPANY**
**OF THE MIDWEST,**

       **Defendant.**
_____/

## PLAINTIFF'S OBJECTION, MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH DEFENDANT'S SUBPOENA DIRECTED TO RECOVERY INSURANCE ADJUSTERS A/K/A KEZAR LAKE CORPORATION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, MARGARET YOUNG, by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 45(d)(3) and Local Rule 3.01, hereby files this Objection, Motion for Protective Order and Motion to Quash Defendant's Subpoena Directed to Recovery Insurance Adjusters A/K/A Kezar Lake Corporation. As grounds therefore, Plaintiff shows as follows:

1. Plaintiff's Insured Property was damaged by Hurricane Irma on September 10, 2017.

2. Plaintiff's insurer, HARTFORD INSURANCE COMPANY OF THE MIDWEST ("HARTFORD" or "Defendant") advised Plaintiff that her damages did not exceed her Policy deductible, and refused to issue any monies for Plaintiff's claim.

3. Plaintiff retained a Public Adjuster, Joseph P. Connelly of Recovery Insurance Adjusters a/k/a Kezar Lake Corporation, to assist with her insurance claim. Despite knowing of a dispute over the loss, HARTFORD issued no payments and did not resolve the dispute.

4. Plaintiff filed suit for Breach of Contract against HARTFORD in Circuit Court on September 4, 2019.

1

5. Defendant filed its Notice of Removal on October 11, 2019 (D.E. 1).

6. On December 2, 2019, Defendant filed a Notice of Subpoena directed to Recovery Insurance Adjusters a/k/a Kezar Lake Corporation. (**Exhibit A**).

7. Schedule "A" of Defendant's Subpoena to Recovery Insurance Adjusters seeks the following:

**A COMPLETE COPY OF YOUR ENTIRE FILE(s) for services offered, rendered or to be rendered by RECOVERY INSURANCE ADJUSTERS, INC. at 5875 WESTBOURGH CT, NAPLES, FL 34112 for MARGARET YOUNG including, but not limited to, all inspection reports, estimates, assignments of benefits, calculation of damages, notes, logs, correspondence and emails to and from MARGARET YOUNG, her attorneys, public adjusters, agents and representatives; Stanislaus Enterprise, Inc., its employees, independent contractors, agents and representatives; 5 Cat Contracting, Inc., its employees, independent contractors, agents, representatives and/or attorneys; and Hartford Insurance Company of the Midwest, its agents, adjusters, or representatives; and with any other individual or entity in relation to the subject property referenced herein, compliance documents, facsimiles, proposals, estimates, evaluations, assessments, recommendations, cancelled checks, permits, work orders, invoices, photographs and videos.**

See **Exhibit A**. (Emphasis original.)

8. As set forth above, Schedule "A" requires production of documents protected by the attorney-client privilege, including attorney-client privileged communications between the undersigned firm and Recovery Insurance Adjusters as well as work product and attorney-client privileged documents generated after suit was filed.

9. At all times throughout its representation of Plaintiff, Recovery Insurance Adjusters was acting as Plaintiff's agent in communicating with Plaintiffs' attorneys with respect to the pending insurance claim. See Affidavit attached as **Exhibit B**.

10. The attorney-client privilege applies to communications between a party's agent and the party's attorney. *See Office Depot, Inc. v. Nat'l Union Fire Ins. Co.,* 2010 U.S. Dist. LEXIS 151576, at *12 (S.D. Fla. 2010) ("Florida likewise preserves the attorney-client privilege to allow privileged communications with agents and representatives of the client when those

2

communications further the rendition of legal services") (Citing *Gerheiserv. Stephens,* 712 So. 2d 1252, 1254 (Fla. 4th DCA 1998) ("the attorney-client privilege extends to the necessary intermediaries and agents through whom such communications are made").

11. Of course, the duty to continue to adjust the claim continues even after suit is filed. *Tristar Lodging, Inc. v. Arch Specialty Ins.* Co., 434 F. Supp. 2d 1286 (M.D. Fla. 2006).

12. Plaintiff anticipates HARTFORD will argue that the attorney-client privilege does not apply to the Public Adjuster's file and testimony. Of course, HARTFORD has no problem recognizing the agency relationship between itself and its company's adjusters, and independent adjusters which can be invoked for its benefit and protection.

13. It would be inequitable to allow HARTFORD and its adjusters to raise claims of attorney-client privilege regarding its adjuster's file materials and communications with its attorneys yet not permit Plaintiff's adjuster to raise the same privileges. Such an inequitable application of privilege to one party but not the other was disapproved in *Tolz v. GEICO Gen. Ins.* Co., 2010 WL 384745 (S. D.Fla. 2010).

14. Several Florida trial courts have examined this issue and recognized that the attorney-client privilege (as well as work product privilege) apply to Public Adjusters and their files. In *Schirmer v. Citizens Property Ins. Corp.,* 05-3974Cl-20 (6th Cir. Ct. Pinellas County), the insurer sought work product and attorney-client privileged materials from the insured's public adjuster. The Court denied Citizens' request for privileged and protected documents. See 2/3/2011 & 4/1/2011 Orders attached as Composite **Exhibit C**.

15. Likewise, in the case of *Dean v. Citizens Property Ins. Corp.* CA-13-2177 (5th Cir. Ct. Hernando County) (See relevant Motion and Order attached as Composite **Exhibit D**).

16. More recently on November 25, 2019, the court in *Hester/Horsley v. Universal Property & Cas. Ins. Co.,* 53-2018-CC-1148 (County Court of 10th Cir. in and for Polk County)

3

held that documents in the Public Adjuster's file were protected by both the attorney-client privilege and the work product privilege. (See **Exhibit E**.)

17. Based on the foregoing, Plaintiff requests the Court Quash or Modify the Subpoena based on the attorney-client privileged documents requested therein.

18. Plaintiff has requested Defense Counsel allow her attorney to obtain the complete Public Adjuster's file, bate label same, and produce the complete file prior to the date suit was filed, with the exception of attorney-client privileged communications which would be identified on a privilege log per Fed. R. Civ. P. 26(b)(5).

19. On December 17, 2019 Counsel for Defendant advised that her client had rejected the suggestion of Plaintiff's Counsel (**Exhibit F**).

**WHEREFORE**, MARGARET YOUNG, respectfully requests this Court quash or modify the Subpoena, or enter a Protective Order, precluding or limiting the Defendant's Subpoena, so that only non-privileged documents are produced with a privilege log of protected materials, as required by Federal Rules of Civil Procedure and Florida law.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

Plaintiff's counsel hereby asserts that he has, in good faith, conferred with Defendant's counsel by phone on December 10, 2019 and email on multiple occasions in an effort to resolve the issues raised in this motion without court action, but was unsuccessful. On December 17, 2019, Defense Counsel advised she could not agree to Plaintiff's suggested compromise (**Exhibit F**).

MATTHEW R. DANAHY, ESQUIRE

**[SEE NEXT PAGE FOR CERTIFICATE OF SERVICE]**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy hereof has been furnished via electronic mail to James M. Kaplan, Esq., Susan B. Harwood, Esq., and Eric C. Kegley, Esq. (james.kaplan@kaplanzeena.com; susan.harwood@kaplanzeena.com; cheryl.mingo@kaplanzeena.com; eric.kegley@kaplanzeena.com; service@kaplanzeena.com) on this ___18th___ day of December, 2019.

                                                                      DANAHY & MURRAY, P.A.

                                                                      MATTHEW R. DANAHY
                                                                      Florida Bar No. 606693
                                                                      901 W. Swann Avenue
                                                                      Tampa, Florida 33606
                                                                      (813) 258-3600
                                                                      (813) 258-3321 (fax)
                                                                      Attorney for Plaintiff
                                                                      firm@danahyandmurray.com